**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

CARLOS LAMONT HICKS,

        Petitioner,                            Case Number: 2:13-CV-11708
                                                               HONORABLE SEAN F. COX

v.

WILLIE SMITH,

        Respondent.
                                                           /

**OPINION AND ORDER DISMISSING PETITION FOR WRIT OF
HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY**

        Michigan state prisoner Carlos Lamont Hicks, filed a *pro se* petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his convictions for assault with intent to murder, felon in possession of a firearm, and possession of a firearm during the commission of a felony. Petitioner then filed a motion to stay proceedings so that he could exhaust his claims in state court. On August 25, 2014, the Court granted Petitioner's motion and stayed the petition. The stay was conditioned on Petitioner presenting his unexhausted claims to the state courts within sixty days of the Court's order and, if he was unsuccessful in the state courts, moving to lift the stay within sixty days after the conclusion of state court collateral review.

        Petitioner timely filed a motion for relief from judgment. The Michigan trial court denied the motion for relief from judgment. *People v. Hicks*, No. 09-029908-FC (Wayne County Circuit Court August 14, 2015). The Michigan Court of Appeals denied leave to

appeal. *People v. Hicks,* No. 329059 (Mich. Ct. App. Dec. 16, 2015). Finally, on October 26, 2016, the Michigan Supreme Court denied Petitioner's application for leave to appeal. *People v. Hicks*, 500 Mich. 880 (Mich. Oct. 26, 2016).

Petitioner's state court proceedings concluded on October 26, 2016. Petitioner did not move to lift the stay within sixty days of the conclusion of state court proceedings. Accordingly, in accordance with precedent from the United States Court of Appeals for the Sixth Circuit, the Court VACATES the stay as of the date it was entered, August 25, 2014, and DISMISSES the petition for a writ of habeas corpus. *See Palmer v. Carlton*, 276 F.3d 777, 780-82 (6th Cir. 2002) ("If either condition of the stay is not met, the stay may later be vacated nunc pro tunc as of the date the stay was entered, and the petition may be dismissed."); *see also Calhoun v. Bergh*, 769 F.3d 409, 411 (6th Cir. 2014) (affirming district court's dismissal of petition based upon petitioner's failure to comply with conditions of stay). This case is CLOSED for all purposes.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal court denies relief on procedural grounds without addressing the merits of a habeas claim, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its

2

procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). Reasonable jurists could not debate the correctness of the Court's procedural ruling. Accordingly, the Court DENIES a certificate of appealability.


Dated: April 16, 2019                                  s/ Sean F. Cox
                                                       Sean F. Cox
                                                       U. S. District Judge